## SPINDLE v. SHREVE and others.

*(Circuit Court, N. D. Illinois.  ———, 1880.)*

1. TRUST—CHILDREN—CREDITORS.—The owner of property has the right to provide that his estate may be held in such a way that his children may receive the rents and profits of it during their lives, so as not to go to the benefit of creditors, if they should be improvident or unfortunate.

    *Nichols* y. *Eaton*, 91 U. S. 716.

2. SAME—SAME—SAME.—In such case it is not necessary that a will should declare in terms that the property is to be held free from creditors, where such intent is sufficiently manifest from the language used.

*Gwynn Garrett*, for complainant.

*Charles A. Gregory*, for defendants.

DRUMMOND, C. J.   Thomas T. Shreve, of the city of Louisville, Kentucky, during his life-time, was the owner of some real estate situated in Chicago, and made his will, under which the question in this case arises.   At the time of his death he left several children, and for them he made this provision in his will: "As soon after my death as it can be conveniently done, I wish my executor, after first setting apart a fund sufficient to pay the above-named special devises and incidental expenses, to make out a full and complete list and schedule of all my estate, of every character and description, real, personal, and mixed, in the state of Kentucky and elsewhere, and hand the same to the following-named persons, to-wit, James W. Henning, A. C. Badger, and A. Harris, who, or any two of them, I desire to proceed to value it and divide it into five equal shares, upon the principles hereinbefore indicated.   One-half of each share (which half I wish to be income-paying real estate) I desire to be set apart and conveyed to a trustee, to be held for the use and benefit of each child during his or her life, and then descend to his or her heirs, without any power or right on the part of said child to encumber said estate, or anticipate the rents thereof.   But said trustee shall collect said rents, and, after paying taxes, insurance, and keeping the property in repair, pay the rent to the child in

person, quarterly, or as the same may be collected, according to the terms of the lease. The other half of each share I wish conveyed to each child in fee, to do with as he or she may please."

One of the children, Charles U. Shreve, became bankrupt after the terms of this part of the will were complied with, and after a certain portion of the estate was conveyed to a trustee for his benefit, in which were the lots of land situated in Chicago, so that the trustee, at the time that Charles U. Shreve became a bankrupt, held these lots as trustee, under this provision of the will; and the question made by the bill filed by the assignee is whether Charles U. Shreve had such an interest in this property that it passed to the assignee, and so could be held for the benefit of the creditors, or whether it was an estate which was to be held for his personal benefit for life, and over which he had no power or control, and which could not go for the benefit of his creditors.

I have come to the conclusion that under the provisions of this will there was no estate which passed to the assignee, but that the property in Chicago is to be held by the trustee to whom it was conveyed by the executor, for the benefit of the son during his life, and that the rents and profits of the estate are to be paid over to him personally, and that he has no power to transfer any interest which he has in the estate so as to defeat the provisions made in the will.

This will is attacked on the ground that the provision made for the son is contrary to public policy, and is, therefore, inoperative and void. I hardly think the authorities warrant that conclusion, and, if they do not, then the only question is, what is the legal effect of this provision in the will, and what was the testator's intention in relation to the estate which was to be held by the trustee? The authorities collected in the case of *Nichols* v. *Eaton,* 91 U. S. 716, show that it was competent for the testator to make such a provision as this, namely: to declare by his will that his estate, or any portion of it, might be held for a child's sole benefit during life, and in such a way that it could not be reached by creditors. I think the authorities cited establish, and such

clearly seems to be the opinion of the supreme court of the United States, that the owner of property has the right to provide that his estate may be held in such a way that his children may receive the rents and profits of it during their lives, so as to not go to the benefit of creditors, if his children are improvident or unfortunate. It seems clear to my mind that was the purpose of the testator in this case. It is true that he does not make use of the language employed in some of the wills which have come under the cognizance and examination of the court, where they have declared that the property is to be held free from creditors; but I think language equally explicit has been used in this clause of the will to show that was the intention of the testator. Looking at the general scope of the provisions that he made in relation to his children, this is manifest. For instance, he provides that certain portions of his estate shall be conveyed to trustees, so that one-half which he intends for the benefit of his children shall be conveyed to them absolutely, in fee, to be disposed of as they may see fit, thus giving them the absolute control over one-half of the estate which he directed to be held and enjoyed by his children. As to the other half, the will says that should be held in such a way that his children, during their lives, should not have control over it. The trustee is to hold it for the use and benefit of each child during his or her life, and then it was to descend to his or her heirs, without any power during all this time, or right on the part of said child, to encumber the estate or anticipate the rents thereof.

The object seemed to be to deprive the child of any power over the estate. It was to be held by the trustee. The child had no right to encumber the estate, or even to anticipate the rents accruing from it. And then, again, as if to render it perfectly clear, this additional clause is inserted: "The trustee shall collect said rents, and, after paying taxes, insurance, and keeping the property in repair, pay the rent to the child *in person.*" My opinion is that, under this clause of the will, and under the deed of trust which the trustee has, and by which he holds the property in controversy in this case, he

cannot follow any direction or order which the child may give, or any instruction as to the rents whatever, but that he is bound to pay the rents to the child in person. The language of the will is, he must "pay the rents to the child in person, quarterly, or as the same may be collected." Now, if that is the object of the will, and if that is the duty of the trustee, as it seems to me it clearly is, then I do not see how any action of the child in relation to the disposition of the rents can defeat the purpose of the testator, or can remove from the trustee the obligation which is devolved upon him by the will, to pay the rents to the child in person. And so, by the terms of this will, it was the intention of the trustee to declare that, as to one-half of the provision he made for each child, that was to be a personal provision, and the rents and profits of the estate were to be paid to the child alone. And so, without going into the question as to the effect of the deed which the child has made, and which is attacked on the ground that it was fraudulent, or into the effect of any directions or instructions that he may have given in relation to the estate, I hold that it clearly is the duty of the trustee to pay these rents to the child in person, and that no interest in the estate passed to the assignee. Hence, the bill must be dismissed.